**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,**<br><br>Plaintiff,<br>v.<br><br>**COMMONWEALTH ANNUITY & LIFE INSURANCE COMPANY,**<br><br>Defendant. | Case No. 2:15-cv-1295<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

Defendant Commonwealth Annuity & Life Insurance Company ("Defendant"), through its attorneys, hereby submits this Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by CryptoPeak Solutions, LLC ("Plaintiff") regarding United States Patent No. 6,202,150 (the "150 Patent").

## ANSWER TO COMPLAINT

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiff is entitled to the relief requested or any other relief. Defendant responds to the Complaint as follows:

## PARTIES AND JURISDICTION

1. Admitted that this purports to be an action for patent infringement. Otherwise denied.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent that a response is required, for purposes of this action only, Defendant does not contest jurisdiction. Otherwise denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore denied.

4. Admitted that Defendant is a Massachusetts corporation with a place of business located at 132 Turnpike Road, Suite 210, Southborough, Massachusetts 01772. For purposes of this action only, Defendant does not contest that the Court has personal jurisdiction. Otherwise denied.

5. Denied.

## VENUE

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent that a response is required, for purposes of this action only, Defendant does not contest venue. Otherwise denied.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,202,150)

7. Defendant hereby incorporates its responses to paragraphs 1 through 6 by reference.

8. Admitted that this purports to be an action for patent infringement. Otherwise denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore denied.

10. Admitted that Exhibit A purports to be a copy of the ’150 Patent. Otherwise denied.

11. Denied

12. Admitted that the ’150 Patent is purportedly cited in other patents. Otherwise denied.

**(Direct Infringement)**

13. Denied.

14. Denied.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, therefore denied.

## DEMAND FOR JURY TRIAL

This paragraph contains a jury demand, to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief it seeks in the prayer for relief or any relief whatsoever.

## DEFENSES TO COMPLAINT

Subject to the responses above, Defendant asserts the following defenses to the Complaint. Assertion of these defenses is not a concession that Defendant has the burden of proving the defense asserted. Defendant reserves the right to assert additional defenses as they become known throughout the course of discovery.

First Defense

16. Defendant has not infringed and does not infringe any valid claim of the ’150 Patent.

Second Defense

17. The claims of the ’150 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

Third Defense

18. The Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Without admitting any of the allegations of CryptoPeak Solutions, LLC (“Counterclaim Defendant”), other than those expressly admitted herein, and without prejudice to the right of Commonwealth Annuity & Life Insurance Company (“Counterclaim Plaintiff”) to plead additional Counterclaims as the facts of the matter warrant, Counterclaim Plaintiffs hereby asserts the following Counterclaims against Counterclaim Defendant.

## THE PARTIES

1. Commonwealth Annuity & Life Insurance Company is a Massachusetts corporation with a place of business located at 132 Turnpike Road, Suite 210, Southborough, Massachusetts 01772.

2. On information and belief, CryptoPeak Solutions, LLC is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler St., Suite 600-A, Longview, Texas 75601.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Personal jurisdiction over Counterclaim Defendant is proper because, inter alia, Counterclaim Defendant has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this Judicial District, as set forth in its Complaint.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

6. On July 17, 2015, Counterclaim Defendant filed suit in this Judicial District against Counterclaim Plaintiff claiming infringement of U.S. Patent No. 6,202,150 (the "'150 Patent").

7. The '150 Patent is entitled on its face "Auto-Escrowable and Auto-Certifiable Cryptoystems" and states that it was issued on Mar. 13, 2001.

8. Counterclaim Defendant purports to be the owner by assignment of the '150 Patent with sole rights to enforce the '150 Patent and sue infringers.

9. There is an actual justiciable controversy between the parties concerning non-infringement and invalidity of the '150 Patent.

## COUNT I:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '150 PATENT

10. Counterclaim Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-9 of these Counterclaims.

11. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding the invalidity of the ’150 Patent, based on Counterclaim Defendant’s allegation in its Complaint that Counterclaim Plaintiff has infringed or will infringe the ’150 Patent.

12. Each and every claim of the ’150 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

13. Counterclaim Plaintiff is entitled to a judicial declaration that all claims of the ’150 Patent are invalid.

**COUNT II:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’150 PATENT**

14. Counterclaim Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-13 of these Counterclaims.

15. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding non-infringement of the ’150 Patent, based on Counterclaim Defendant’s allegation in its Complaint that Counterclaim Plaintiff has infringed or will infringe the ’150 Patent.

16. Counterclaim Plaintiff has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’150 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

40. Counterclaim Plaintiff is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the ’150 Patent, and that the manufacture, use, sale, offer for sale, or importation of the websites that are the subject of Counterclaim Defendant’s Complaint have not infringed, do not infringe, and will not infringe

any valid and enforceable claims of the ’150 Patent either literally or under the doctrine of equivalents.

## COUNTERCLAIM PLAINTIFF’S PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Court enter judgment in its favor against Counterclaim Defendant and issue an order:

(a) Dismissing the Counterclaim Defendant’s Complaint with prejudice and denying each request for relief made by Counterclaim Defendant;

(b) Declaring all claims of the ’150 Patent invalid;

(c) Declaring that Counterclaim Plaintiff has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of, any valid and enforceable claim, if any, of the ’150 Patent;

(d) Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of the websites that are the subject of Counterclaim Defendant’s Complaint, does not and would not directly or indirectly infringe any valid and enforceable claim, if any, of the ’150 Patent;

(e) Declaring this case is an exceptional case in favor of Counterclaim Plaintiff pursuant to 35 U.S.C. § 285;

(f) Awarding costs and attorneys’ fees to Counterclaim Plaintiff; and

(g) Awarding Counterclaim Plaintiff such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaim Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

Dated: October 8, 2015

Respectfully submitted,

/s/ Elizabeth L. DeRieux
Eugene L Chang
Heather Marie Schneider
Willkie Farr & Gallagher LLP - NY
787 Seventh Avenue
New York, NY 10019
212/728-8988
Fax: 212/728-8111
Email: echang@willkie.com
Email: hschneider@willkie.com

Elizabeth L DeRieux
State Bar No. 05770585
Capshaw DeRieux LLP
114 E Commerce Avenue
Gladewater, TX 75647
(903) 233-4816
Fax: (903) 236-8787
Email: ederieux@capshawlaw.com

ATTORNEYS FOR COMMONWEALTH ANNUITY & LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this October 8, 2015 with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux
Elizabeth L. DeRieux